**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| Michael Anderson, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Financial Management Systems, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Michael Anderson, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Michael Anderson ("Plaintiff"), is an adult individual residing in

Chicago, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Financial Management Systems, Inc. ("FMS"), is an Illinois

business entity with an address of 1000 East Woodfield Road, Suite 102, Schaumburg, Illinois

60173, operating as a collection agency, and is a "debt collector" as the term is defined by 15

U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by FMS and

whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be

joined as parties once their identities are disclosed through discovery.

7.      FMS at all times acted by and through one or more of the Collectors.


## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**


8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to New World

Institute (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for

family, personal or household purposes and which meets the definition of a "debt" under 15

U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to FMS for collection, or FMS

was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

**B.  FMS Engages in Harassment and Abusive Tactics**

12.     On or around March 20, 2012, FMS began placing multiple calls to Plaintiff's cellular phone line (xxx-xxx-4405) in an attempt to collect the Debt, which is past the Statute of Limitations.

13.     FMS called Plaintiff as early as 6:30am and as late as 10:45pm in an attempt to collect the Debt.

14.     During one of such collection calls from FMS, Plaintiff notified FMS that the Debt was over 30 years old and that he had no means to pay it.

15.     In response, FMS's collector used a racial slur saying: "Your black ass can pay this. This is not a lot of money."

16.     The FMS' collector also threatened to garnish Plaintiff's social security disability income if Plaintiff failed to pay the Debt.

17.     Furthermore, FMS placed automated calls with pre-recorded voice messages on Plaintiff's cellular phone line in an attempt to collect the Debt.

**C.  Plaintiff Suffered Actual Damages**

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and

utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

21.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

22.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants

contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d  in that Defendants engaged

in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in

connection with the collection of a debt

24.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used

profane and abusive language when speaking with the consumer.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused

a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to

annoy and harass.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants

misrepresented the character, amount and legal status of the Debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants

threatened the Plaintiff with garnishment if the Debt was not paid.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants

employed false and deceptive means to collect a debt.

29.     The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT**
**225 ILCS 425/1, _et seq._**

31.     The Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully set forth herein at length.

32.     A private right of action exists for violation of the ICAA. _Sherman v. Field Clinic_,
74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

33.     Financial Management Systems, Inc., in the regular course of business, engages in
debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

34.     The Defendants' conduct violated 225 ILCS 425/9(a)(15) in that Defendants
communicated with the Plaintiff or any member of the Plaintiff's family at such a time of day or
night and with such frequency as to constitute harassment of the Plaintiff or any member of the
Plaintiff's family.

35.     The Defendants' conduct violated 225 ILCS 425/9(a)(15)(D) in that Defendants
caused a telephone to ring or engaged the Plaintiff in telephone conversation repeatedly
or continuously with intent to annoy, abuse, or harass.

36.     The Defendants' conduct violated 225 ILCS 425/9(a)(16) in that Defendants used
profane, obscene or abusive language in communicating with the Plaintiff, his or her family or
others.

37.     The Defendants' conduct violated 225 ILCS 425/9(a)(31) in that Defendants
engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive,
defraud, or harm the public.

38.     The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

39.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

41.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

42.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Illinois.

43.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT IV
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

44.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of

47 U.S.C. § 227(b)(1)(A)(iii).

46.     The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the Telephone Consumer Protection Act, including every one of the above-

cited provisions.

47.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT V
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

48.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

49.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as,

"One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be

highly offensive to a reasonable person."

50.     Illinois further recognizes the Plaintiff's right to be free from invasions of

privacy, thus the Defendants violated Illinois state law.

51.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by

continually harassing the Plaintiff with the above-referenced telephone calls.

52.     The telephone calls made by the Defendants to the Plaintiff were so persistent and

repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial

burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement

for an invasion of privacy.

53.     The conduct of the Defendants in engaging in the illegal collection activities

resulted in multiple invasions of privacy in such a way as would be considered highly offensive

to a reasonable person.

54.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

55.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.


## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.   Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages;

2.   Against each of the named the Defendants, awarding the Plaintiff statutory damages;

3.   Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees ;

4.   Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5.   Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6.   Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 19, 2012

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250 Ext. 5500
Facsimile:  (203) 653-3424
Attorney for Plaintiff